UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KEVIN CORTEZ BROWN, | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:19-CV-93-JTM |
| JACQUELINE Y. MAYES, | |
| Defendant. | |

## OPINION AND ORDER

Kevin Cortez Brown, a prisoner without a lawyer, filed an amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the amended complaint, Brown alleges that, on February 25, 2019, Jacqueline Y. Mayes refused to notarize legal documents, which he intended to file in his post-conviction case. Mayes told Brown that she would not notarize any documents that refer to his rights under the Uniform Commercial Code or identify him as a secured

party. Because Mayes refused to assist Brown, he hired an attorney to come to the Indiana State Prison and notarize his legal documents.

While there is no constitutional right to a notary services, Brown may be attempting to assert a denial of access to the courts claim. Inmates have a First Amendment right of access to the courts, but there is no "abstract free-standing right" to a law library, copies or to legal materials. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Thus, to state a claim, Brown must detail the connection between the denial of access to notary services and the resulting prejudice to a potentially meritorious legal claim. *Id.*

Standing alone, the fact that Brown was denied access to a notary services does not give rise to an actionable First Amendment claim. At the very least, he must identify a potentially meritorious legal claim and must explain how Mayes' refusal to notarize his documents has prejudiced his ability to pursue that claim. The complaint suggests that Brown has not suffered any such harm because he was able to obtain notary services through his attorney Therefore, the amended complaint does not state a valid First Amendment claim.

Brown further asserts that Mayes violated his rights under the Equal Protection Clause because she provided notary services to other indigent inmates. Because Brown does not suggest that Mayes targeted him due to his membership in a suspect class,

2

rational basis review applies. *See Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016). "Prison classifications are presumed to be rational and will be upheld if any justification for them can be conceived." *Id.* To uphold governmental conduct under rational basis review, the court "need only find a reasonably conceivable state of facts that could provide a rational basis for the classification." *Indiana Petroleum Marketers & Convenience Store Ass'n v. Cook*, 808 F.3d 318, 322 (7th Cir. 2015). The rational basis for refusing notary services to Brown is readily apparent from the amended complaint -- his references to the Uniform Commercial Code sound in sovereign citizen theory, which courts have repeatedly characterized as a legally frivolous theory with no conceivable validity. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases). Because a rational basis supports Mayes' decision to refuse to notarize Brown's documents, the amended complaint does not state a valid claim under the Equal Protection Clause.

Finally, Brown asserts that Mayes' refusal to notarize his legal work constitutes cruel and unusual punishment in violation of the Eighth Amendment. "[T]he Eighth Amendment prohibits unnecessary and wanton infliction of pain, thus forbidding punishment that is so totally without penological justification that it results in the gratuitous infliction of suffering." *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). While it seems unlikely that the refusal to provide notary services could ever amount to a gratuitous infliction of suffering, this is particularly true when a notary public would have provided these services if only a few legally frivolous and irrelevant terms were

removed. Consequently, the amended complaint does not state a valid Eighth Amendment claim.

For these reasons, the court **DISMISSES** this case pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim upon which relief can be granted.

**SO ORDERED.**

Date: June 18, 2019

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT